UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| SUSAN SAUNDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number: 5:14-cv-01181-JHE |
| | ) | |
| LIBERTY LIFE ASSURANCE | ) | |
| COMPANY OF BOSTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Susan Saunders ("Plaintiff") initiated this action against Defendants Liberty Life Assurance Company of Boston ("Liberty") and J.C. Penney Corporation, Inc. ("J.C. Penney"), asserting violations of the Employee Retirement Income Security Act of 1974 ("ERISA"). (Doc. 1). J.C. Penney moves to dismiss on the ground that, in the disability plan at issue ("the Plan"), J.C. Penney is merely the Plan Sponsor and not the Plan Administrator and, therefore, it is not a proper defendant. (Docs. 11 and 11-1). Plaintiff responds that she has alleged J.C. Penney is the Plan Administrator so the Court cannot dismiss J.C. Penney without giving ten-days notice it is converting the motion to an MSJ. (Doc. 14). J.C. Penney replies the Court may rely on an undisputed document that is central to the complaint and therefore it is entitled to dismissal based on the summary description of the Plan attached to its motion. (Doc. 15). The motion is fully briefed and ripe for review. For the reasons stated more fully below, J.C. Penney's motion to dismiss, (doc. 11), is due to be **GRANTED**.

**I. Standard of Review**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain

1

statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 557, 127 S. Ct. 1955).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1949 (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950.

## II. Analysis

In its motion to dismiss, J.C. Penney asserts that, in the Eleventh Circuit, the proper party

defendants concerning ERISA benefits are parties "that control administration of the plan." (Doc. 11 at 3) (quoting *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997)). Pointing to the summary description of the Plan attached to its motion to dismiss, J.C. Penney asserts it is not an administrator and is therefore not a proper party. (*Id.* at 4) (citing doc. 11-1 at 17, 18, & 20).

Plaintiff's response states only that, on a Rule 12(b)(6) motion to dismiss, the Court may not consider evidence outside the allegations of the pleadings and exhibits attached thereto, (doc. 14 at 2) (citing *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000)), and, therefore, to consider the copy of the Plan attached to J.C. Penney's motion to dismiss, the Court must give ten-days notice it is converting the motion to a Rule 56 motion for summary judgment. (*Id.*) (citing *Donaldson v. Clark*, 819 F.2d 1551, 1555 (11th Cir. 1987)).

In its reply, J.C. Penney cites cases explaining courts may consider a document attached to a Rule 12(b)(6) motion to dismiss without converting it to a motion for summary judgment "if the attached document is (1) central to the plaintiff's claim and (2) undisputed," (that is, "the authenticity of the document is not challenged"), *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)). (Doc. 15 at 2). The court in *Day* also noted, "if the document's contents are alleged in a complaint and no party questions those contents, [a court] may consider such a document provided it meets the centrality requirement imposed in *Horsley*." 400 F.3d at 1276; *accord Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999) ("[A] document central to the complaint that the defense appends to its motion to dismiss is also properly considered, provided that its contents are not in dispute.").

Plaintiff's complaint alleges Plaintiff is "a participant in [] the J.C. Penney Corporation, Inc. Long Term Disability Plan," which is administered by Liberty and falls "within the meaning

of Sec. 3(2)(a) of ERISA," (doc. 1 at ¶ 4), and the complaint ultimately alleges Liberty violated obligations under ERISA, (*id.* at ¶ 29). Based on those allegations, whether the Plan falls under ERISA and is administered by defendants (and, as a result, the Plan itself) are central to the complaint. Plaintiff, although given the opportunity to respond to J.C. Penney's motion to dismiss and attached summary description of the Plan, did not dispute the authenticity of the attached copy but instead argued the Court could not address it on a motion to dismiss. (Doc. 14). Therefore, the summary description of the Plan attached to J.C. Penney's motion to dismiss meets the requirements of *Horsley*, *Day*, and *Harris*, and may be considered on a motion to dismiss without converting the motion to one for summary judgment.

The question then becomes whether the attached document answers whether J.C. Penney is a proper party. "Proof of who is the plan administrator may come from the plan document, but can also come from the factual circumstances surrounding the administration of the plan, even if these factual circumstances contradict the designation in the plan document." *Hamilton v. Allen-Bradley Co.*, 244 F.3d 819, 824 (11th Cir. 2001).

The summary description of the Plan, attached to J.C. Penney's motion, clearly states J.C. Penney is the "Plan Sponsor" and the Benefits Administration Committee is the "Plan Administrator." (Doc. 11-1 at 20-21). The Benefits Administration Committee is defined in the Plan as "[a] committee appointed by J.C. Penney Corporation, Inc. to act as the Plan Administrator for the benefit plans and programs." (*Id.* at 32). It is "the named fiduciary for the Disability Insurance option and has the authority to control, administer and manage the operation of the Disability Insurance option." (*Id.* at 21). Under ERISA, the committee is a separate entity from J.C. Penney, separately subject to suit. *See* 29 U.S.C.A. § 1132(d)(1) ("An employee benefit plan may sue or be sued under this subchapter as an entity."); *Rosen v. TRW, Inc.*, 979

F.2d 191, 192-93 & 194 n.2 (11th Cir. 1992) (finding a company properly dismissed where the plan designated an unincorporated committee as administrator under ERISA and the complaint did not allege the committee and company were alter egos); *Boyer v. J. A. Majors Co. Emp. Profit Sharing Plan*, 481 F. Supp. 454, 458 (N.D. Ga. 1979) ("[T]he Committee was an entity separate from the Company."); *Barrett v. Thorofare Markets, Inc.*, 452 F. Supp. 880, 884 (W.D. Pa. 1978) ("This court has no jurisdiction over the [non-party] Committee, which is an entity independent of either the union or [employer], and can sue or be sued in its own right.") (citing 29 U.S.C. §§ 1102, 1132(d)(1)). Under the Plan, the committee, as Plan Administrator, controls and administers the operation of the Plan and, therefore, is the proper party defendant. *See Garren*, 114 F.3d at 187 ("The proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan.").

As for the circumstances surrounding administration of the Plan, the complaint conclusorily alleges J.C. Penney "is the 'Plan Sponsor and Administrator' of the Plan," (doc. 1 at ¶ 5), but the subsequent factual allegations state only that J.C. Penney "sponsored the disability insurance plan which was and is administered by Liberty for the J.C. Penney's employee and plan participants," (doc. 1 at ¶ 6). Even under "Count One," the complaint only alleges Liberty's refusal to pay, not J.C. Penney's. (*Id.* at ¶ 29). As there are no allegations of factual circumstances surrounding the administration of the Plan indicating J.C. Penney is the actual administrator contrary to what is designated in the Plan, the court must rely on the Plan itself.

As the summary description of the Plan shows (and the complaint does not contradict), the Benefits Administration Committee is the Plan Administrator and named fiduciary for the Disability Insurance option, (doc. 11-1 at 21), and, therefore, subject to suit under ERISA; J.C. Penney, on the other hand, is Plan Sponsor and not subject to suit under ERISA. Based on the

5

facts alleged in the complaint and other documents properly considered on a Rule 12(b)(6) motion to dismiss, J.C. Penney is an improper party to this action and the claims against it are due to be dismissed without prejudice. *See Rosen*, 979 F.2d at 194 (affirming dismissal of the company on the original complaint but finding the district court erred in denying a motion to amend the complaint asserting facts indicating the company was the *de facto* administrator).

### III. Recommendation

Accordingly, the undersigned **RECOMMENDS** J.C. Penney's motion to dismiss, (doc. 11), be **GRANTED**, and Plaintiff's claims against J.C. Penney be **DISMISSED WITHOUT PREJUDICE**.

### IV. Notice of Right to Object

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b)(2), Fed. R. Civ. P., any party may file specific written objections to this report and recommendation within fourteen (14) days from the date it is filed in the office of the Clerk. Failure to file written objections to the proposed findings and recommendations contained in this report and recommendation within fourteen (14) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal. Written objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. A copy of the objections must be served upon all other parties to the action.

DONE this 5th day of November 2014.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE