

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| SUSAN SAUNDERS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No.: 5:14-CV-1181-JHE |
| | ) |
| LIBERTY LIFE ASSURANCE | ) |
| COMPANY OF BOSTON, | ) |
| | ) |
|     Defendant. | ) |

---

## MEMORANDUM OPINION AND ORDER

### I.    INTRODUCTION

Plaintiff Susan Saunders ("Plaintiff") initiated this action against Defendants Liberty Life Assurance Company of Boston ("Liberty") and J.C. Penney Corporation, Inc. ("J.C. Penney"), asserting violations of the Employee Retirement Income Security Act of 1974 ("ERISA"). (Doc. 1). J.C. Penney moves to dismiss on the ground that, in the disability plan at issue ("the Plan"), J.C. Penney is merely the Plan Sponsor and not the Plan Administrator and, therefore, it is not a proper defendant. (Docs. 11 and 11-1). Plaintiff responds that she has alleged J.C. Penney is the Plan Administrator so the Court cannot dismiss J.C. Penney without giving ten-days notice it is converting the motion to an MSJ. (Doc. 14). J.C. Penney replies the Court may rely on an undisputed document that is central to the complaint and therefore it is entitled to dismissal based

on the summary description of the Plan ("SPD") attached to its motion. (Doc. 15).

## II.    PROCEDURAL POSTURE

On November 5, 2014, the magistrate judge entered a Report and Recommendation ("R&R") recommending that the motion to dismiss be **GRANTED** (Doc. 18). In that document, the parties were specifically of their right to object within fourteen days from the date of the R&R. (*Id*. at 6.). No objections were filed and the time to do so has passed. Therefore, the R&R (doc. 18) and motion to dismiss (doc. 11) are before the undersigned.[1]

## III.    DISTRICT COURT REVIEW OF REPORT AND RECOMMENDATION

After conducting a "careful and complete" review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982), *overruled on other grounds by Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)).[2]

---

[1] The motion was randomly assigned to the undersigned on November 21, 2014. (Margin entry).

[2] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by a Unit B panel of the

The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (citing H.R. Rep. No. 94-1609, 94th Cong., 2nd Sess., reprinted in 1976 U.S. Code Cong. & Admin. News 6162, 6163). In contrast, those portions of the R&R to which no objection is made need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 Fed. App'x. 781, 784 (11th Cir. 2006).[3]

"Neither the Constitution nor the statute requires a district judge to review, *de*

---

former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n.4 (11th Cir. 2009) (discussing the continuing validity of *Nettles*).

[3] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has held that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a plain-error standard, but questions of law remain subject to *de novo* review).

3

*novo*, findings and recommendations that the parties themselves accept as correct." *United States v. Woodard*, 387 F.3d 1329, 1334 (11th Cir. 2004) (internal quotation marks omitted) (quoting *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)). It is incumbent upon the parties to timely raise any objections that they may have regarding a magistrate judge's findings contained in a report and recommendation, as the failure to do so subsequently waives or abandons the issue, even if such matter was presented at the magistrate judge level. *See*, *e.g.*, *United States v. Pilati*, 627 F.3d 1360 at 1365 (11th Cir. 2010) ("While Pilati raised the issue of not being convicted of a qualifying offense before the magistrate judge, he did not raise this issue in his appeal to the district court. Thus, this argument has been waived or abandoned by his failure to raise it on appeal to the district court.").

## IV.   THE REPORT AND RECOMMENDATION IS NOT CLEARLY ERRONEOUS

### A.   <u>Consideration of the SPD Does Not Require Conversion of the Motion To Dismiss to a Motion for Summary Judgment</u>

The Magistrate Judge states that Plaintiff's sole opposition to the Motion To Dismiss is that because J.C. Penney has attached a copy of the SPD to the Motion,[4] the Motion cannot properly be considered without being converted to a motion for

---

[4] Plaintiff has not asserted that the SPD is not authentic, nor that it is contrary to the Plan itself.

summary judgment. (Doc. 18 at 1, 3, 4). Although the Plaintiff has not objected to this statement, the undersigned finds that it is not accurate. In her three-page opposition, the Plaintiff also opposed the Motion To Dismiss on the basis that "Plaintiff's Complaint alleges that J.C. Penny [sic] administers the plan, thus J.C. Penny [sic] is a proper defendant." (Doc. 14 at p. 3).

The undersigned finds Plaintiff's argument that attachment of the SPD requires conversion of J.C. Penney's motion to a motion for summary judgment to be contrary to well-established law of this Circuit. *See Bickley v. Caremark Rx, Inc.*, 461 F.3d 1325, 1329 n. 7 (11th Cir.2006) ("where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiffs claim, then the Court may consider the documents part of the pleading for purposes of Rule 12(b)(6) dismissal") (quoting *Brooks v. Blue Cross & Blue Shield, Inc.*, 116 F.3d 1364, 1369 (11th Cir.1997)). Accordingly, the Magistrate Judge's Report and Recommendation's consideration of the SPD without converting the Motion To Dismiss to a Motion for Summary Judgment was not error, much less "clear error."

### B.   J.C. Penney Is Due To Be Dismissed from this Action

A motion to dismiss is appropriate when it is demonstrated "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

5

For the purpose of the motion to dismiss, the complaint is construed in the light most favorable to the plaintiff, and all facts alleged by the plaintiff are accepted as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law. *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir.1993).

Applying this standard, the undersigned finds that the Magistrate Judge correctly applied the relevant law and correctly found that J.C. Penney is due to be dismissed with prejudice as a matter of law. As the Magistrate Judge stated:

> In its motion to dismiss, J.C. Penney asserts that, in the Eleventh Circuit, the proper party defendants concerning ERISA benefits are parties "that control administration of the plan." (Doc. 11 at 3) (quoting *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997)). Pointing to the summary description of the Plan attached to its motion to dismiss, J.C. Penney asserts it is not an administrator and is therefore not a proper party. (*Id.* at 4) (citing doc. 11-1 at 17, 18, & 20).

> ***

> Plaintiff's complaint alleges Plaintiff is "a participant in [] the J.C. Penney Corporation, Inc. Long Term Disability Plan," which is administered by Liberty and falls "within the meaning of Sec. 3(2)(a) of ERISA," (doc. 1 at ¶ 4), and the complaint ultimately alleges Liberty violated obligations under ERISA, (*id.* at ¶ 29). Based on those allegations, whether the Plan falls under ERISA and is administered by defendants (and, as a result, the Plan itself) are central to the complaint. Plaintiff, although given the opportunity to respond to J.C. Penney's motion to dismiss and attached summary description of the Plan, did not dispute the authenticity of the attached copy but instead argued the Court could not

address it on a motion to dismiss. (Doc. 14). Therefore, the summary description of the Plan attached to J.C. Penney's motion to dismiss ... may be considered on a motion to dismiss without converting the motion to one for summary judgment.

The question then becomes whether the attached document answers whether J.C. Penney is a proper party. "Proof of who is the plan administrator may come from the plan document, but can also come from the factual circumstances surrounding the administration of the plan, even if these factual circumstances contradict the designation in the plan document." *Hamilton v. Allen-Bradley Co.*, 244 F.3d 819, 824 (11th Cir. 2001).

The summary description of the Plan, attached to J.C. Penney's motion, clearly states J.C. Penney is the "Plan Sponsor" and the Benefits Administration Committee is the "Plan Administrator." (Doc. 11-1 at 20-21). The Benefits Administration Committee is defined in the Plan as "[a] committee appointed by J.C. Penney Corporation, Inc. to act as the Plan Administrator for the benefit plans and programs." (Id. at 32). It is "the named fiduciary for the Disability Insurance option and has the authority to control, administer and manage the operation of the Disability Insurance option." (*Id*. at 21). Under ERISA, the committee is a separate entity from J.C. Penney, separately subject to suit. See 29 U.S.C.A. § 1132(d)(1) ("An employee benefit plan may sue or be sued under this subchapter as an entity."); *Rosen v. TRW, Inc.*, 979 F.2d 191, 192-93 & 194 n.2 (11th Cir. 1992) (finding a company properly dismissed where the plan designated an unincorporated committee as administrator under ERISA and the complaint did not allege the committee and company were alter egos); *Boyer v. J. A. Majors Co. Emp. Profit Sharing Plan*, 481 F. Supp. 454, 458 (N.D. Ga. 1979) ("[T]he Committee was an entity separate from the Company."); *Barrett v. Thorofare Markets, Inc.*, 452 F. Supp. 880, 884 (W.D. Pa. 1978) ("This court has no jurisdiction over the [non-party] Committee, which is an entity independent of either the union or [employer], and can sue or be sued in its own right.") (citing 29 U.S.C. §§ 1102, 1132(d)(1)). Under the Plan, the committee, as Plan Administrator, controls and administers the operation of the Plan and, therefore, is the proper party defendant. *See Garren*, 114 F.3d at 187 ("The proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan.").

As for the circumstances surrounding administration of the Plan, the

complaint conclusorily alleges J.C. Penney "is the 'Plan Sponsor and Administrator' of the Plan," (doc. 1 at ¶ 5), but the subsequent factual allegations state only that J.C. Penney "sponsored the disability insurance plan which was and is administered by Liberty for the J.C. Penney's employee and plan participants," (doc. 1 at ¶ 6). Even under "Count One," the complaint only alleges Liberty's refusal to pay, not J.C. Penney's. (*Id*. at ¶ 29). As there are no allegations of factual circumstances surrounding the administration of the Plan indicating J.C. Penney is the actual administrator contrary to what is designated in the Plan, the court must rely on the Plan itself.

As the summary description of the Plan shows (and the complaint does not contradict), the Benefits Administration Committee is the Plan Administrator and named fiduciary for the Disability Insurance option, (doc. 11-1 at 21), and, therefore, subject to suit under ERISA; J.C. Penney, on the other hand, is Plan Sponsor and not subject to suit under ERISA. Based on the facts alleged in the complaint and other documents properly considered on a Rule 12(b)(6) motion to dismiss, J.C. Penney is an improper party to this action and the claims against it are due to be dismissed without prejudice. *See Rosen*, 979 F.2d at 194 (affirming dismissal of the company on the original complaint but finding the district court erred in denying a motion to amend the complaint asserting facts indicating the company was the de facto administrator).

(Doc. 18 at pp. 3-6).

The undersigned agrees that with the Magistrate Judge that the Plaintiff's allegations against J.C. Penney are insufficient "mere labels and conclusions" such that J.C. Penney is entitled to judgment as a matter of law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)(Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"). Thus, his recommendation to dismiss J.C. Penney

with prejudice is not error, much less "clear error."

## V.     CONCLUSION AND ORDERS

For the reasons stated above, the court **ADOPTS** the recommendations of the magistrate judge and **ORDERS** as follows:

1.     The Motion To Dismiss (doc. 11) is **GRANTED.**

2.     All claims of the Plaintiff against J.C. Penney Corporation, Inc. are hereby **DISMISSED WITH PREJUDICE**.

3.     This case is **REFERRED BACK** to the magistrate judge for further proceedings in accordance with this court's General Order of Reference.

**DONE** and **ORDERED** this the 2nd day of December, 2014.

**VIRGINIA EMERSON HOPKINS**
United States District Judge